## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK R. ECKHART, | ) |
|                Plaintiff, | ) |
| v. | ) Case No.: 2:21-cv-02176 |
| ASCEND LEARNING, LLC, | ) |
| **Served Registered Agent:** | ) |
|     Corporation Service Company | ) |
|     2900 S.W. Wanamaker Drive Suite 204 | ) |
|     Topeka, KS 66614 | ) |
|               Defendant. | ) |

## **COMPLAINT**

COMES NOW Plaintiff Mark R. Eckhart, by and through counsel, and for his causes of action against Defendant Ascend Learning, LLC states and alleges as follows:

### **PARTIES**

1. Plaintiff is an individual residing at 14059 Hayes Street, Overland Park, Johnson County, Kansas, and he was employed as a Director, Cost Management, Sourcing and Facilities by Defendants beginning on or about November 2011 until his termination from employment on or about May 8, 2020. Plaintiff was born in 1954 and is presently 66 years old. Plaintiff is a Caucasian American male.

2. Defendant Ascend Learning, LLC is a foreign for-profit limited liability corporation organized and existing under the laws of the State of Delaware, and doing business in the State of Kansas with a place of business located at 11161 Overbrook Road, Leawood, Johnson County, Kansas.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

4. This Court has supplemental federal jurisdiction pursuant to 28 U.S.C. § 1367 to resolve Plaintiff's claims arising under Kansas law and public policy as the facts are so related to Plaintiff's federal law claims as to be part of the same case or controversy.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District, including the unlawful employment practices set forth herein that are alleged to have been committed in this District.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed as Director, Cost Management, Sourcing and Facilities by Defendant on or about November 2011 and at the time of his wrongful termination on or about May 8, 2020.

7. Defendant was the "employer" of Plaintiff within the meaning of the ADEA and Kansas common law, and he is entitled to all the benefits and protections of those laws.

8. Defendant is engaged in an industry affecting commerce and it has employed 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Throughout his employment with the Defendant, Plaintiff was subject to the control of the Defendant as to the means and manner of accomplishing his work as an employee of Defendant.

10. Plaintiff is a 66-year-old Caucasian American male.

11. Throughout his almost nine years of employment with Defendant, Plaintiff performed all duties of his positions as required, exceeded the expectations of his positions, and was a high-performer, receiving bonuses, raises, praise, and excellent reviews and commendations for his work.

12. During the final year of his employment, Plaintiff experienced an increasingly hostile work environment and a pattern and practice of age discrimination in the terms and conditions of his employment by his employer.

13. Defendant's discrimination against Plaintiff included a restructure in December 2019 which led to a demotion in his reporting relationship and repeated comments from the new CFO (a substantially younger, Indian male) about whether Plaintiff planned or wanted to retire since he was turning 65 a few days later.

14. Plaintiff indicated he had no plans to retire, because he enjoyed his job and believed he was making an important contribution to the company.

15. At Plaintiff's final and successful performance review in early April 2020, the CFO nonetheless told Plaintiff that he could continue doing his job as long as he liked and he indicated he looked forward to working with Plaintiff in the next year.

16. However, Plaintiff was awarded a lower than average raise, and later that same day, Plaintiff expressed his concerns to the CFO that he was being subjected to disparate treatment, lesser opportunities and lower compensation because of his age.

17. On information and belief, no investigation was undertaken by Defendant concerning Plaintiff's complaint about age discrimination.

18. Only about three weeks later, Plaintiff learned that the CFO had violated Defendant's corporate Code of Conduct and purchasing guidelines, and related legal and regulatory standards by stealing or misappropriating company funds for the purchase of items for his home office.

19. Plaintiff immediately reported this legal and policy violation to Defendant's upper management, consistent with the Code of Conduct as he had also reported similar recent expense abuses and violations by Defendant's senior executives including the CFO and Chief Human Resources Officer (CHRO).

20. Approximately two weeks later on May 8, 2020, Plaintiff was fired with no warning, and Defendant falsely claimed Plaintiff's position was being eliminated.

21. In fact, Defendant replaced Plaintiff and/or his job functions with substantially younger employees who are much less qualified than Plaintiff.

22. These adverse actions were taken without any legitimate reason and in violation of the law and less-qualified, substantially younger employees, or those who had not complained about or reported discrimination or violations of public policy were treated more favorably.

23. The true reasons for the discriminatory and retaliatory employment actions of Defendant against Plaintiff, including but not limited to those adverse employment actions set forth above, were illegal age discrimination and/or retaliation for reporting concerns about illegal age discrimination, and/or for reporting violations of public policy

24. Plaintiff experienced a pattern and practice of disparate treatment in the terms and conditions of his employment based on age by Defendant and its managers and employees including but not limited to unfounded demotion, lower compensation and bonuses, diminished

opportunities for training and advancement, and his wrongful termination, without any legitimate reason and in violation of the law.

25. Following Plaintiff's complaints about Defendant's illegal and discriminatory conduct, he was terminated in violation of law on or about May 8, 2020.

26. On May 29, 2020, Plaintiff filed a timely charge alleging age discrimination and retaliation, and Kansas law and public policy violations against Defendant with the Equal Employment Opportunity Commission ("EEOC").  (Attached as Exhibit A.)

27. On or about January 19, 2021, the EEOC mailed a Notice of Right to Sue to Plaintiff.  (Attached as Exhibit B.)

28. This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

29. Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – AGE DISCRIMINATION (ADEA)

30. Plaintiff incorporates by reference the allegations of paragraphs 1 through 29 above.

31. Plaintiff's age was a determining factor in Defendant's intentional decision to discriminate against him in the terms and conditions of his employment, including, but not limited to, by subjecting him to a demotion, lower compensation and bonuses, diminished opportunities for training and advancement, and by terminating his employment with Defendant based on the pretextual alleged elimination of his position.

32. The Defendant manifested its illegal age bias through age biased comments and actions indicating he was expected to retire at 65 and by the demotion, lower compensation,

fewer opportunities for advancement or promotion, and its termination of Plaintiff for false alleged reasons while similarly situated, substantially younger employees were treated more favorably and not subjected to the same type of adverse actions, termination and other illegal treatment.

33. Defendant knew, or should have known, of the age discrimination against its employees, including Plaintiff.

34. Defendant failed to take prompt and appropriate corrective action to end the age discrimination against its employees, including Plaintiff.

35. Defendant failed to make good faith efforts to enforce its policies to prevent age discrimination against its employees, including Plaintiff.

36. Defendant's conduct was willful and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus requiring an award of liquidated damages.

37. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other pecuniary and nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, post-judgment interest, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (ADEA)

38. Plaintiff incorporates by reference the allegations of paragraphs 1 through 37 above.

39. Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices including disparate treatment by Defendant in the terms and conditions of his employment compared with similarly situated, substantially younger employees, and he reported the same to Defendant.

40. Defendant retaliated against plaintiff because of his opposition to unlawful employment practices including by terminating his employment for false, pre-textual reasons.

41. Plaintiff's opposition to unlawful employment practices was a determining factor in Defendant's decision to subject him to adverse employment actions including the termination of his employment and otherwise as set forth herein.

42. Defendant's conduct was willful as it intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of liquidated damages.

43. As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other pecuniary and nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count II, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate,

including but not limited to reinstatement, post-judgment interest, and any such other relief as the Court deems just and proper.

## **COUNT III –KANSAS PUBLIC POLICY (WHISTLE-BLOWING)**

44. Plaintiff incorporates by reference the allegations of paragraphs 1 through 43 above.

45. During the course of his employment with Defendant, Plaintiff learned that Defendant's executives including its CFO and CHRO had engaged in serious violations of rules, regulations and/or the law pertaining to the public health, safety, and general welfare, including violations of Defendant's corporate Code of Conduct and purchasing and expense guidelines, and related legal and regulatory standards prohibiting theft or misappropriation of company monies or other violations of Kansas law and/or public policy.

46. Defendant's CFO had directed his subordinate to purchase multiple unauthorized items of equipment for his home office, including a standing desk and computer monitor, using her company credit card so that the CFO could then authorize the purchases himself in violation of the Defendant's required expense approval and accommodation processes and in violation of Kansas law and/or public policy.

47. Defendant's CHRO had improperly submitted personal travel costs for company reimbursement in violation of the Defendant's required expense approval policies and its Code of Conduct and in violation of Kansas law and/or public policy.

48. A reasonably prudent person in Plaintiff's position would have similarly concluded that Defendant's executives were engaging in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

49. Because of his good faith concern and desire to correct these violations, Plaintiff reported the foregoing and similar violations of law and public policy to Defendant's upper management and he was fired for pretextual reasons approximately two weeks after his report concerning the improper conduct of the CFO.

50. Defendant was aware of Plaintiff's reports of violations of law pertaining to public health, safety, and the general welfare prior to subjecting him to unwarranted retaliation and terminating his employment.

51. Defendant retaliated against Plaintiff in the terms and conditions of his employment because of his reports of violations of law and public policy pertaining to public health, safety, and the general welfare, including but not limited to, by terminating his employment for false reasons.

52. As a direct and proximate result of Defendant's illegal retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, loss of self-esteem, humiliation, and other nonpecuniary losses.

53. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter Defendant from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant on Count III, and requests an award of his actual damages, including but not limited to his lost wages and benefits and other monetary damages, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm

to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, post-judgment interest, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Eric W. Smith
 Eric W. Smith                KS #16539
 Rik N. Siro                 KS FED #77812
 Athena M. Dickson            KS #21533
 Raymond A. Dake             KS FED #78448
 Ryan P. McEnaney             MO #70235
 1621 Baltimore Avenue
 Kansas City, Missouri  64108
 816.471.4881 (Tel)
 816.471.4883 (Fax)
 esmith@sirosmithdickson.com (email)
 rsiro@sirosmithdickson.com (email)
 adickson@sirosmithdickson.com (email)
 rdake@sirosmithdickson.com (email)
 rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**