UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK R. ECKHART,

              Plaintiff,

v.                                                                     Case No. 21-2176-TC-GEB

ASCEND LEARNING, LLC,

              Defendant.

## **SCHEDULING ORDER**

On **August 3, 2021**, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in this case with the parties. Plaintiff appeared through counsel, Eric W. Smith. Defendant appeared through counsel, Alyssa M. Sediqzad.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

    1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **August 20, 2021**. Defendant must make a good-faith counter-proposal by **September 3, 2021**. By **September 10, 2021**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to

1

serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office. Mediation is ordered. Absent further order of the court, mediation must be held no later than **December 3, 2021**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

**2.     Discovery.**

a.     The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures must be served at least 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.     All discovery in this case must be commenced or served in time to be completed by **February 25, 2022**. Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be

determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

    c.     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **November 15, 2021**, and by defendant by **January 7, 2022**; disclosures and reports by any rebuttal experts must be served by **February 4, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

    d.     The parties may agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **December 17, 2021**. If the parties disagree about

the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

  e. The court considered the following discovery problem(s) raised by one or more of the parties: None.

  f. Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

> The parties discussed ESI during the planning conference and agree that most relevant ESI searches in this matter involve the email/instant message systems of the parties and possibly text searches on the cell phones of particular custodians. Both parties have been advised of their obligations to preserve electronic records during the pendency of this litigation.
>
> The parties agree that all documents or other ESI produced by either party shall initially be produced in searchable .pdf form. In the event either party wishes to discover native format documents, additional meta data or other information associated with a .pdf document, the party will notify the other party in writing and identify the specific document(s) by Bates-number(s). The party requesting the ESI will also identify the nature of the ESI it is seeking and the format and media in which it would like the ESI produced.
>
> The parties will confer in good faith and if possible, agree on ESI terms, custodians, and date ranges for ESI searches, including emails, texts, instant messages, and/or other forms of ESI. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence or nonexistence of such information.

g. Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The parties will address in their jointly proposed Protective Order.

h. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

As to any discovery dispute, counsel for the parties will try to resolve by e-mails and phone calls. The parties agree, when appropriate, to request an informal conference with the U.S. Magistrate Judge before filing any discovery motions.

The inadvertent production of privileged documents shall not constitute the waiver of privilege as to any other privileged documents.

The parties agree that without agreement or a subsequent order of the Court, they will not be required to identify any communications subsequent to Plaintiff's filing of his EEOC charge between themselves and their legal counsel or themselves and their insurance carriers regarding the claims made in this suit in a Privilege Log.

No party will be entitled to discovery of communications with counsel or draft expert reports.

i. No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

j. No more than **10** depositions may be taken by plaintiff, and no more than **10** depositions may be taken by defendant. Each deposition must be limited to **7** hours All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

Additionally, the parties have agreed that if any party, counsel or witness requests any deposition to occur by video due to health-related social distancing reasons as a result of the COVID-19 pandemic, then the parties will confer about that possibility and attempt to reach agreement to conduct a video deposition or to establish safety protocols to take the deposition in person. If the parties decide to use video depositions, they shall use a mutually agreed video deposition platform such as Zoom or BlueJeans to conduct the deposition(s).

    k.    Discovery in this case may be governed by a protective order. The parties agree concerning the need for and scope and form of such a protective order and have conferred and submitted a jointly proposed protective order. The court entered the order on August 2, 2021. See ECF No. 29.

    l.    The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

    m.    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for

any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.      Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties must be filed by **August 27, 2021**.

b.      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **September 10, 2021**.

c.      All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **March 25, 2022**. The court plans to decide dispositive

motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial**.

f. **If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.**

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The**

9

**parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

4. **Pretrial Conference, Trial, and Other Matters.**

a. The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b. Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **March 11, 2022** at **11:00 a.m.**; this pretrial conference will be conducted by telephone unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **March 4, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c. The parties expect the jury trial of this case to take approximately **8** trial days. This case will be tried in Kansas City, Kansas. This case is set for trial on the court's docket beginning on **December 6, 2022 at 9:00 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are

advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

      d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge [at this time.

      e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated August 5, 2021, at Wichita, Kansas.

                                                                                                     _/s/ Gwynne E. Birzer_
                                                                                                   GWYNNE E. BIRZER
                                                                                                   U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **August 20, 2021** |
| Defendant's settlement counter-proposal | **September 3, 2021** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **September 10, 2021** |
| Mediation completed | **December 3, 2021** |
| ADR report filed by Defendant | **14 days after mediation** |
| Supplementation of initial disclosures | **Per rule and 40 days prior to discovery close** |
| All discovery completed | **February 25, 2022** |
| Experts disclosed by plaintiff | **November 15, 2021** |
| Experts disclosed by defendant | **January 7, 2022** |
| Rebuttal experts disclosed | **February 4, 2022** |
| Physical and mental examinations | **December 17, 2021** |
| Jointly proposed protective order submitted to court | N/A |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | N/A |
| Motions to dismiss | **August 27, 2021** |
| Motions to amend | **September 10, 2021** |
| All other potentially dispositive motions (e.g., summary judgment) | **March 25, 2022** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Comparative fault identification | N/A |
| Status conference | N/A |
| Proposed pretrial order due | **March 4, 2022** |
| Pretrial conference | **March 11, 2022 at 11:00 a.m.** |
| Jury Trial; ETT-8 days; Kansas City | **December 6, 2022 at 9:00 a.m.** |