IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Mark R. Eckhart,

        Plaintiff,

v.                                                    Case No. 21-cv-2176-JWL

Ascend Learning, LLC,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against his former employer alleging that defendant terminated his employment and otherwise discriminated against him on the basis of his age and/or in retaliation for engaging in protected activity in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. He further alleges a state law claim for wrongful discharge in violation of Kansas public policy. This matter is presently before the court on defendant's motion to dismiss (doc. 5) plaintiff's state law wrongful discharge claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's motion to amend his complaint to buttress the allegations relating to that claim (doc. 13). As will be explained, plaintiff's motion to file an amended complaint is granted and the motion to dismiss plaintiff's initial complaint is moot.

**Standard**

After defendant moved to dismiss plaintiff's wrongful discharge claim from the initial complaint, plaintiff filed a motion to amend his complaint to buttress those allegations. While the

parties continued to brief the motion to dismiss, defendant separately challenged the proposed amended complaint as futile because, according to defendant, the amended complaint would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court, then, focuses first on plaintiff's motion to amend the complaint because if the proposed amended complaint states a claim for relief, then defendant's motion to dismiss the initial complaint will be moot.

In analyzing the parties' submissions, the court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff. *See Kenney v. Helix TCS, Inc.,* 939 F.3d 1106, 1109 (10th Cir. 2019); *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id*. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

2

Consistent with the applicable standard, the court accepts as true the following well-pleaded facts alleged in plaintiff's proposed amended complaint as they relate to plaintiff's state law claim. Plaintiff was hired in November 2011 as defendant's Director of Cost Management, Sourcing and Facilities. In April 2020, plaintiff learned that defendant's Chief Financial Officer (CFO) had violated Kansas law and defendant's corporate code of conduct and purchasing guidelines by stealing or misappropriating company funds for personal use, including the purchase of items for use in his home. Specifically, plaintiff alleges that defendant's CFO directed or coerced his subordinate to purchase multiple unauthorized items of equipment for the CFO's personal use in his home, including a standing desk and computer monitor, using the subordinate's company credit card so that the CFO could then authorize or approve the purchases himself. He also learned that defendant's Chief Human Resources Officer (CHRO) had improperly submitted personal travel costs for company reimbursement in violation of defendant's internal policies and in violation of Kansas law. Plaintiff alleges that he reported this illegal conduct to defendant's upper management. Defendant terminated plaintiff's employment two weeks later.

In his proposed amended complaint, plaintiff contends that the conduct of defendant's CFO and CHRO violated Kansas law and implicated Kansas public policy concerning theft, fraud, conversion and the duties of a fiduciary.

**Discussion**

The Kansas Supreme Court has recognized the tort of retaliatory discharge as a public policy exception to the employment-at-will doctrine. *See Palmer v. Brown*, 242 Kan. 893, 896 (1988). As the Court noted in *Palmer*:

3

> Public policy requires that citizens in a democracy be protected from reprisals for performing their civil duty of reporting infractions of rules, regulations, or the law pertaining to public health, safety, and the general welfare. Thus, we have no hesitation in holding termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations, or the law by a co-worker or an employer to either company management or law enforcement officials (whistle-blowing) is an actionable tort.

*Id*. at 900. To establish this claim, an employee has the burden of proving by clear and convincing evidence, under the facts of the case, that a reasonably prudent person would have concluded the employee's employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; that the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and that the employee was discharged in retaliation for making the report. *Id*. To state a retaliatory discharge claim, a plaintiff must identify a definite or specific rule, regulation or law as the foundation for the claim. *Goodman v. Wesley Medical Center*, LLC, 276 Kan. 586, 593 (2003).

Defendant moves to dismiss this claim on the grounds that plaintiff has not alleged facts plausibly showing that a reasonably prudent person would have concluded that defendant's CFO and CHRO had violated the law.  According to defendant, plaintiff at most has alleged facts showing a "difference in opinion" regarding how his colleagues should have processed reimbursement requests and expenses.  Defendant, then, urges that plaintiff's allegations amount to nothing more than "workplace disagreements" as opposed to a report of violations of the law. *See Fowler v. Criticare Home Health Servs., Inc*., 27 Kan. App. 2d 869, 876 (2000) ("*Palmer* simply was not meant to endow every workplace dispute over the water cooler on company practices and the effect of government regulation with whistle-blower overtones.").

4

Plaintiff has alleged facts that, if proven, plausibly support a claim for retaliatory discharge. Plaintiff alleges, with sufficient detail, that the CFO and CHRO misappropriated company funds for personal use, including purchasing items with corporate funds for use in the CFO's home and submitting personal travel expenses for company reimbursement. As plaintiff highlights, this court has previously held that the misappropriation of company funds constitutes criminal theft that falls within the ambit of *Palmer*. *See Doud v. Countrywide Home Mortgage Loan*, 1997 WL 292127, at \*9-10 (D. Kan. May 5, 1997) (use of corporate Federal Express account and postage meter for personal use falls within *Palmer*); *Byle v. Anacomp, Inc.*, 854 F. Supp. 738, 747 (D. Kan. 1994) (improperly padding sales quota to receive a commission and qualify for a free vacation and documenting personal expenses as corporate expenses fall within *Palmer*). Defendant has not addressed the court's *Doud* opinion at all and fails to adequately distinguish *Byle*. Defendant suggests that the conduct in *Byle* was more egregious than the conduct alleged here because it involved embezzlement spanning 10 years and involved a computer system that cost more than $15,000. As the court explained in *Doud*, the court "does not believe . . . that the Kansas Supreme Court would offer protection only to reporters of thefts of property of a certain minimum value." 1997 WL 292127, at \*10.

The court, then, rejects defendant's argument that the conduct alleged in the proposed amended complaint is not sufficient to afford whistleblower protection. The court grants plaintiff's motion for leave to file an amended complaint and moots defendant's motion to dismiss the initial complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to amend his complaint (doc. 13) is **granted** and defendant's motion to dismiss the initial complaint (doc. 5) is moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file his amended complaint no later than **Monday, October 4, 2021**.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge